# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBSTER S. LUCAS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LOS ANGELES COUNTY SHERIFFS DEPT., et al.,<br><br>　　　　　Defendants. | Case No. CV 17-3289-JFW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Webster S. Lucas ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Los Angeles County Sheriff's Department, Jim McDonnell – Sheriff, and Deputy Sneed ("Defendants"). As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On April 24, 2017, Plaintiff constructively filed[1] a Complaint pursuant to Section 1983 against Defendants. ECF Docket No. ("Dkt.") 1. Plaintiff sues (1) Sheriff Jim McDonnell, in his individual and official capacity, for failing to train his deputy sheriffs to properly classify incoming arrestees; (2) Deputy Sneed, in his individual and official capacity, for negligently allowing another inmate to attend Plaintiff's preliminary hearing; and (3) the Los Angeles County Sheriff's Department for the actions of its deputies. Id. at 5.

According to the Complaint, Plaintiff is a registered sex offender. Id. at 5, 8. Plaintiff alleges on October 19, 2016, defendant Deputy Sneed "allowed an inmate to sit in" Plaintiff's preliminary hearing at Antelope Valley Courthouse during which Plaintiff was being charged with failure to register as a sex offender. Id. Plaintiff claims when he and the inmate returned to their holding cell, the inmate began "'yelling' 'we have a child molester here!'" Id. at 5. Plaintiff alleges the inmate "began instigating other inmates to beat [him] up or kill [him]." Id. at 8.

Plaintiff alleges that on the same day, defendant Los Angeles County Sheriff's Department "failed to properly classify Plaintiff upon Plaintiff's reception in to the L.A. County Jail." Id. at 5. Plaintiff alleges he was classified as a "'General Population Inmate' instead of a K-6Y Inmate who are separately housed in Administrative Segregation Housing and kept away from General Population inmates." Id. Plaintiff claims this misclassification placed his life in danger. Id.

As a result of Defendants' alleged actions, Plaintiff claims he has become "mentally affected with flashes of seeing [himself] lying in a pool of blood with broken and smashed head, ribs, etc." Id. at 25. Plaintiff further alleges that on January 2, 2017, he "was interviewed by a psychiatrist" regarding the "flashes [he]

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

suffer[s] [from] as a result of the incidents which occurred on October 19, 2016." Id. at 14. Plaintiff claimed he "was satisfied with the conversation [he] had with the physician," but would like a follow-up appointment because "the flashes have slowed, but not gone away." Id. at 14.

As a result of these claims, Plaintiff seeks damages against defendants Los Angeles County Sheriff's Department and Jim McDonnell for $150,000 and against defendant Deputy Sneed for $100,000. Id. at 6.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true

3

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///

# IV.

# DISCUSSION

## A. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM FOR FAILURE TO PROTECT AGAINST DANGEROUS CONDITIONS

In the Complaint, Plaintiff has not specifically identified which constitutional rights he claims Defendants have violated. To the extent Plaintiff is attempting to allege Defendants violated his Eighth Amendment right by misclassifying him, allowing an inmate to sit in on his pretrial hearing, and placing him in general population, Plaintiff has failed to state a claim.

### 1. Applicable Law

Prison officials have a duty to take reasonable steps to protect inmates from physical harm. See Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Specifically, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833.

To state a claim for such an Eighth Amendment violation, an inmate must show both objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer, 511 U.S. at 837. Additionally, claims of negligence or gross negligence are not actionable under Section 1983 in the prison context. Farmer, 511 U.S. at 835-36, n.4.

**2. Analysis**

First, as to defendant Deputy Sneed, it appears Plaintiff is simply alleging defendant Deputy Sneed acted negligently, which is insufficient to state an Eighth Amendment claim. See Farmer, 511 U.S. at 835-36, n.4. In fact, the Complaint specifically alleges defendant Deputy Sneed is "responsible for his negligent conduct in allowing another inmate to sit in on Plaintiff's hearing." Compl. at 5.

Second, Plaintiff does not offer any facts alleging any of the Defendants even knew Plaintiff was a sex offender. Similarly, Plaintiff fails to present any facts from which the Court can conclude any Defendant had direct or personal knowledge of the risk Plaintiff would face being placed in general population while classified as a sex offender. Iqbal, 556 U.S. at 676. Furthermore, Plaintiff does not allege Defendants failed to remedy their mistake upon discovering the misclassification. In fact, Plaintiff appears to concede he was later separated from dangerous inmates when he stated that he "was attempted to be placed in cell 44," with the inmate who sat in on Plaintiff's hearing and who announced Plaintiff was a "child molester," but instead was placed in cell 43. Compl. at 27. Moreover, Plaintiff attaches a report from the ACLU SoCal – Jails Project, which includes a note from defendant Los Angeles Sheriff's Department stating Plaintiff confirmed he "had not been assaulted" and the "incident had been resolved." Id. at 22.

Additionally, to the extent Plaintiff alleges the failure to properly classify him was the result of Defendants' failure to train, Plaintiff still does not state a claim. To sufficiently state a claim for failure to train, Plaintiff must allege facts to show the failure to train is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the [entity] is responsible, and for which the [entity]

6

may be held liable if it actually causes injury." Manzanillo v. Lewis, No. 12-CV-05983-JST, 2017 WL 131979, at *10 (N.D. Cal. Jan. 12, 2017) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 1200, 103 L. Ed. 2d 412 (1989)).

Thus, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim for failure to protect against an "objectively insufficiently humane condition." Osolinski, 92 F.3d at 938.

**B. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT OR AN OFFICIAL CAPACITY CLAIM AGAINST DEFENDANTS DEPUTY SNEED AND SHERIFF JIM MCDONNELL**

**1. Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must allege facts to establish "that a [state] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the

proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

**2. Analysis**

Here, assuming Plaintiff had adequately alleged a constitutional violation, he has failed to state a claim against defendant Los Angeles Sheriff's Department, and against defendant Jim McDonnell or Deputy Sneed, in their official capacity, because he does not allege Defendants were acting pursuant to any policy, practice, or custom of the Los Angeles Sheriff's Department on the day of the alleged incident. Further, even if Plaintiff had alleged a policy, practice, or custom, he has failed to present any facts which show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino, 99 F.3d at 918. Hence, Plaintiff has failed to state a claim against defendant Los Angeles Sheriff's Department or an official capacity claim against defendants Jim McDonnell or Deputy Sneed. See Gillette, 979 F.2d at 1346.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

8

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 11, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge