UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBSTER S. LUCAS,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOS ANGELES COUNTY SHERIFFS DEPT., et al.,<br><br>　　　　　　　Defendants. | Case No. CV 17-3289-JFW (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Webster S. Lucas ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Jim McDonnell, Deputy Sneed, and Paul Pfrehm ("Defendants") for violations of his Eighth and Fourteenth Amendment rights. As discussed below, the Court dismisses the FAC with leave to amend.

///
///
///
///

## II.
## **PROCEDURAL HISTORY**

On April 24, 2017, Plaintiff constructively filed[1] a Complaint pursuant to Section 1983 against defendants Los Angeles County Sheriff's Department, Jim McDonnell, and Deputy Sneed. ECF Docket No. ("Dkt.") 1. Plaintiff appeared to allege Eighth Amendment deliberate indifference violations resulting from the failure to properly classify Plaintiff as a sex-offender inmate.

On May 11, 2017, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 6.

On June 21, 2017, Plaintiff constructively filed a FAC. Dkt. 9. Plaintiff sues Defendants in their official and individual capacities for violations of his Eighth and Fourteenth Amendment rights. Id. at 2-3, 6.

## III.
## **ALLEGATIONS IN THE FAC**

Plaintiff alleges, on October 7, 2016, defendant Jim McDonnell at Los Angeles County Jail failed to properly classify Plaintiff as a special housing inmate based on his status as a sex offender. Id. at 4, 6. Plaintiff alleges this violated the deputy's "duty to provide safety for inmates – especially for inmates who are regularly targeted and assaulted for being [sex offenders]." Id.

Additionally, Plaintiff alleges, on October 19, 2016, defendant Deputy Sneed "allowed an inmate to sit in" Plaintiff's preliminary hearing at Antelope Valley Courthouse during which Plaintiff was being charged with failure to register as a sex offender. Id. at 4-5. Plaintiff claims defendant Sneed "knew or reasonably should have known that his actions . . . would cause violence against Plaintiff." Id. at 2. Plaintiff claims when he and the inmate returned to their holding cell, the inmate began yelling "we have a 'child molester' in Cell 43 next

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

2

door." Id. at 5. Plaintiff further alleges he was "forced to go to Cell # 44 where his attackers lay waiting." Id. As a result, Plaintiff claims he suffers "'Mental Flashes' (of seeing himself in a pool of blood dying)," and "depression/anxiety and nightmares," all of which have led him to "receiv[e] psych. Medications – Seroquil and Zoloff to deal with the mental illness associated with the flashes." Id. at 5, 6. Plaintiff additionally claims he is being retaliated against for filing a complaint regarding the misidentification and incident at the Antelope Valley Courthouse. See id.; Ex. A. Specifically, Plaintiff alleges defendant Sneed is "retaliating against Plaintiff" for a grievance he filed on October 19, 2016. Id. at 6, Ex. A. He additionally alleges defendant Prfehm "failed to discipline all parties who retaliated against Plaintiff." Id. at 2. Lastly, Plaintiff alleges defendant McDonnell "failed to reprimand deputies who clearly retaliated against Plaintiff" in addition to "fail[ing] to properly train deputies." Id. at 6.

As a result of these claims, Plaintiff seeks a "settlement or that Plaintiff's demand [] be honored, and any other relief the Court deems appropriate." Id. at 8.

## IV.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if

4

the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

### A. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST DEFENDANTS

**1. Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must allege facts to establish "that a [state] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v.

Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

### 2. Analysis

Here, assuming Plaintiff has adequately alleged a constitutional violation, he fails to state a claim against Defendants in their official capacity. Plaintiff fails to allege Defendants were acting pursuant to any policy, practice, or custom of the Los Angeles Sheriff's Department on the day of the alleged incident that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d at 918. Hence, Plaintiff's claims against Defendants in their official capacity must be dismissed. See Gillette, 979 F.2d at 1346.

## B. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST ANY DEFENDANT

### 1. Applicable Law

Allegations of retaliation against an inmate's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action caused harm that was more than minimal or "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 562, 567-68, n.11 (9th Cir. 2005).

### 2. Analysis

Here, Plaintiff appears to allege a First Amendment retaliation claim against all three Defendants. However, Plaintiff fails to present any facts from which the Court can conclude what actions were specifically taken by each Defendant as a

result of Plaintiff's complaints regarding the misclassification. Instead, he simply states Defendants are "retaliating" against him because he filed a complaint. See Dkt. 9 at 2-3, 5-7. Such conclusory allegations are insufficient to state a claim. Iqbal, 556 U.S. at 676. Thus, Plaintiff's First Amendment retaliation claims must be dismissed.

## C. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM FOR FAILURE TO PROTECT AGAINST DANGEROUS CONDITIONS AGAINST DEFENDANT JIM MCDONNELL

### 1. Applicable Law

Prison officials have a duty to take reasonable steps to protect inmates from physical harm. See Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Specifically, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833.

To state a claim for such an Eighth Amendment violation, an inmate must show both objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Additionally, claims of negligence or gross

7

negligence are not actionable under Section 1983 in the prison context. Farmer, 511 U.S. at 835-36, n.4.

**2. Analysis**

Here, Plaintiff fails to state an Eighth Amendment claim against defendant Jim McDonnell. Plaintiff does not provide any facts alleging defendant Jim McDonnell knew Plaintiff was a sex offender when the alleged misclassification occurred. Estelle v. Gamble, 429 U.S. at 104-06. Similarly, Plaintiff fails to present any facts from which the Court can conclude defendant Jim McDonnell had direct or personal knowledge of the risk Plaintiff would face being placed in general population while classified as a sex offender. Iqbal, 556 U.S. at 676. Furthermore, Plaintiff does not allege defendant Jim McDonnell failed to remedy the mistake upon discovering the misclassification. See Farmer, 511 U.S. at 835-36, n.4 (holding actions must be more than negligent to state a deliberate indifference claim).

To the extent Plaintiff alleges the failure to properly classify him was the result of defendant Jim McDonnell's failure to train, Plaintiff still does not state a claim. In order to sufficiently state a claim for failure to train, Plaintiff must allege facts to show the failure to train is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the [entity] is responsible, and for which the [entity] may be held liable if it actually causes injury." Manzanillo v. Lewis, No. 12-CV-05983-JST, 2017 WL 131979, at *10 (N.D. Cal. Jan. 12, 2017) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 1200, 103 L. Ed. 2d 412 (1989)).

Thus, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim for failure to protect against an "objectively insufficiently humane condition" against defendant Jim McDonnell. Osolinski, 92 F.3d at 938.
///

# VI.
# LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court**

1 **is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court**
2 **encourages Plaintiff to use.**
3     The Court advises Plaintiff that it generally will not be well-disposed toward
4 another dismissal with leave to amend if Plaintiff files a First Amended Complaint
5 that continues to include claims on which relief cannot be granted. "[A] district
6 court's discretion over amendments is especially broad 'where the court has
7 already given a plaintiff one or more opportunities to amend his complaint.'"
8 Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
9 omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First**
10 **Amended Complaint with claims on which relief cannot be granted, the First**
11 **Amended Complaint will be dismissed without leave to amend and with**
12 **prejudice.**
13     **Plaintiff is explicitly cautioned that failure to timely file a First**
14 **Amended Complaint will result in this action being dismissed with prejudice**
15 **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
16 **Federal Rule of Civil Procedure 41(b).**

Dated: July 11, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge